**UNITED STATES of America,
Plaintiff,**

v.

**Frederick M. MILLS, Defendant.**

**No. CR. A. 98–22.**

United States District Court,
E.D. Kentucky,
Pikeville.

Aug. 15, 2001.

---

### ORDER

HOOD, District Judge.

This matter is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence [Record No. 42]. Plaintiff has filed a motion to dismiss or in the alternative to transfer [Record No. 45], and Defendant has responded [Record No. 47]. These matters are now ripe for decision.

Defendant plead guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and was sentenced on January 20, 1999 to 300 months. Defendant filed a direct appeal on January 25, 1999, and while that appeal was pending he filed a motion under 28 U.S.C. § 2255 alleging sentencing guideline errors. Defendant's § 2255 motion was denied due to the pendency of his direct appeal. On December 14, 1999, Defendant's sentence was upheld on direct appeal and he did not petition the Supreme Court for a writ of certiorari.

Initially this Court will address whether Defendant's § 2255 motion should be dismissed or transferred to the Sixth

Circuit because Defendant did not obtain permission to file a successive § 2255 motion as required by 28 U.S.C. § 2255 ¶ 8. This Court declines to treat Defendant's current § 2255 motion as a successive motion because his first § 2255 motion was dismissed on the grounds that Defendant's direct appeal was pending, and in an Order dated July 23, 1999, this Court noted that should Defendant's appeal be denied, he was free to refile his § 2255 motion [Record No. 39]. As the Seventh Circuit states in *O'Connor v. United States*, 133 F.3d 548 (1998), "[t]he idea behind § 2255 is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *Id.* at 549. In this situation, Defendant has never had the merits of his collateral attack addressed. Therefore this Court does not consider Defendant's § 2255 motion to be a successive § 2255 motion. *Id.* (holding that a § 2255 motion dismissed due to pendency of a Rule 33 motion did not count as an initial § 2255 motion for the purposes of restrictions on successive motions).

■ This Court now turns to the issue of whether Defendant's § 2255 motion is time barred. Motions under § 2255 filed after April 24, 1996 must be filed one (1) year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Accordingly,

28 U.S.C. § 2255 ¶ 6; *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

In this case, Defendant's judgment of conviction became final on April 5, 2000, the date upon which the time expired for him to file a petition for writ of certiorari to the Supreme Court. See Sup.Ct.R. 13; *Kapral v. U.S.*, 166 F.3d 565 (3rd Cir. 1999); *Gendron v. U.S.*, 154 F.3d 672 (7th Cir.1998); *U.S. v. Garcia*, 210 F.3d 1058 (9th Cir.2000); *U.S. v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000). Therefore this § 2255 motion filed on June 22, 2001, was filed beyond the one year statute of limitation and will be considered untimely unless Defendant is able to meet one of the exceptions listed within § 2255 ¶ 6.

Defendant argues that his motion is timely because he meets the requirements of 28 U.S.C. § 2255 ¶ 6(3), in that his motion was filed within one year of:

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

28 U.S.C. § 2255 ¶ (6). Defendant cites three[1] Supreme Court cases as supporting his claim: *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *Daniels v. United States*, —— U.S. ——, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

---

1. Defendant also cites to *Chronic v. U.S.* with no citation. This Court is unable to find a

U.S. Supreme Court case of that title.

(2000). However none of these cases recognize new rights made retroactively applicable to cases on collateral review.

 Recently, the Supreme Court case of *Tyler v. Cain,* —— U.S. ——, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), held that under 28 U.S.C. § 2244(b)(2)(A)[2], "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler* at 2482. Additionally, just last week, the Sixth Circuit in *In re Clemmons,* 259 F.3d 489 (6th Cir.2001), applied *Tyler* in determining whether to certify a second or successive motion under 28 U.S.C. § 2255 ¶ 8(2)[3]. The Sixth Circuit held that "the Supreme Court must explicitly hold that its decision is retroactive to cases on collateral review in order for a second or successive petition under § 2244(b)(2)(A) and § 2255 ¶ 8(2) to qualify for consideration." *Clemmons,* (finding that *Apprendi v. New Jersey* does not apply retroactively to cases on collateral review). Whereas 28 U.S.C. § 2255 ¶ 6(3) also requires that the right in question be made retroactively applicable to cases on collateral review by the Supreme Court, this Court follows the reasoning of *Tyler* and *Clemmons* in requiring that the Supreme Court must explicitly hold that the right in question applies retroactively to cases on collateral review in order for a § 2255 motion to be considered timely under 28 U.S.C. § 2255 ¶ 6(3).

Because none of the cases cited by the defendant establish new rights that the Supreme Court held to be retroactively applicable to cases on collateral review, Defendant's motion is untimely and must be dismissed.

Accordingly, **IT IS ORDERED:**

(1) That Defendant's motion [Record No. 42] be, and the same hereby is, **DENIED;** and

(2) That Plaintiff's motion to dismiss [Record No. 45] be, and the same hereby is **GRANTED.**

---

**2.** 28 U.S.C. § 2244(b)(2)(A) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless-

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable ...

**3.** 28 U.S.C. § 2255 ¶ 8(2) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain...

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.