**Robert BRAGGS, Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

Nos. 01–5697, 01–6169.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; and LAWSON, District Judge.*

## ORDER

Robert Braggs, a pro se federal prisoner, appeals a district court judgment and order denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus and a subsequent motion for reconsideration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Braggs of conspiracy to distribute crack cocaine, possession with intent to distribute more than 50 grams of crack cocaine, and possession with intent to distribute cocaine, and he was then sentenced to 240 months in prison. This court affirmed his convictions in *United States v. Braggs*, 23 F.3d 1047 (6th Cir.1994). In 1995, Braggs filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court denied the motion, and this court affirmed the district court's judgment in *Braggs v. United States*, No. 97–3350, 1998 WL 136542 (6th Cir. Mar.16, 1998) (unpublished). This court has also denied Braggs's motions for an order authorizing a second or successive § 2255 motion in Case Nos. 00–3119 and 01–3729.

In his § 2241 petition dated March 7, 2001, Braggs asserted that: 1) recently discovered evidence shows that the government withheld *Brady* information needed to impeach a witness; 2) trial counsel rendered ineffective assistance by not disclosing that he had represented Braggs's co-defendant in other matters; 3) probable

---

cause for his arrest and a search were based on a statement from a co-defendant (Clemmons) obtained through police coercion; 4) recently received confessions of co-defendants reveal that he is actually innocent; and 5) the district court lacked jurisdiction to enter an enhanced sentence against him because of its failure to comply with the provisions of 21 U.S.C. § 851(b). The district court determined that the claims were not properly brought in a § 2241 proceeding and dismissed the action on April 18, 2001.

Braggs thereafter filed a flurry of unsuccessful post-judgment motions contesting the judgment. In a motion to reconsider filed September 4, 2001, Braggs argued that: a) this court's opinion in *United States v. Peterman*, 249 F.3d 458 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001), in new evidence; b) the district court erred by finding that his evidence was not newly discovered; and c) he is actually innocent because the jury did not determine the drug quantity as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the motion as meritless.

Braggs has brought two appeals. In No. 01–5697, Braggs appeals the dismissal of his § 2241 petition and essentially reasserts his claims. In No. 01–6169, Braggs appeals the dismissal of his motion to reconsider. Braggs moves for miscellaneous relief.

## I. No. 01–5697

Upon de novo review, we conclude that the district court properly dismissed Braggs's § 2241 petition. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having juris-

diction over his custodian. *Peterman*, 249 F.3d at 461. But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles*, 180 F.3d at 755–56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles*, 180 F.3d at 755–56; *Capaldi*, 135 F.3d at 1123.

Braggs argued in his petition that his § 2255 remedy was inadequate because his previous § 2255 motion had been denied and he could not meet § 2255's standard for newly discovered evidence or a new rule of constitutional law made retroactively available.

This argument lacks merit. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461.

Although this court has not determined the exact scope of the savings clause, it

appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles,* 180 F.3d at 757. Braggs has failed to do so.

## II.   No. 01–6169

We construe Braggs's motion to reconsider, filed September 4, 2001, as a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b). Any post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than ten days after entry of judgment is construed as a Rule 60(b) motion. *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.1986).

Upon review, we conclude that the district court did not abuse its discretion by denying Braggs's Rule 60(b) motion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993); *Whitaker v. Associated Credit Servs.,* 946 F.2d 1222, 1224 (6th Cir.1991). Braggs's argument that the district court erred by finding that his evidence was not newly discovered is a claim of legal error which falls within the definition of mistake under Rule 60(b)(1). *See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir.1985). However, a Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal. *See id.* Braggs's Rule 60(b) motion did not fall within this time frame. *See* Fed. R.App. P. 4(a)(1)(B).

Braggs's argument that this court's decision in *Peterman* constitutes new evidence is frivolous and does not merit relief under Rule 60(b)(2). Braggs does not assert that fraud should relieve him from operation of the district court's judgment pursuant to Rule 60(b)(3). Braggs also has not shown that he is entitled to relief under Rule 60(b)(4) or (5) because he does not allege that the judgment dismissing his petition is void; that the judgment has somehow "been satisfied, released, or discharged;" or is inappropriate for prospective application.

Finally, Rule 60(b)(6), the Rule's catch-all provision, is inapplicable as it permits a court to grant relief from a judgment or order "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989), and no exceptional or extraordinary circumstances are present in this case.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.