**Steven R. KEITH, Petitioner–Appellant,**

**v.**

**George SNYDER, Respondent–Appellee.**

**No. 01–6285.**

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge;
KEITH and KENNEDY, Circuit Judges.

Steven R. Keith appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Keith was convicted by a jury in the United States District Court for the Northern District of Illinois, of offenses relating to the armed robbery of five financial institutions. The jury found Keith guilty of one count of conspiring to take money by force from federally insured banks and savings and loans in violation of 18 U.S.C. § 371, four counts of armed bank robbery in violation of 18 U.S.C. § 2113, and four counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Keith to an aggregate 460 month term of imprisonment. The Seventh Circuit affirmed Keith's conviction and sentence. *United States v. Bennett, et al.,* 908 F.2d 189, 197 (7th Cir.1990).

Approximately six years after his direct appeal, Keith moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that mo-

tion in February 2000. *United States v. Keith,* No. 96 C 8461, 87 CR 874–2, 2000 WL 198448 (N.D.Ill. Feb.11, 2000). The Seventh Circuit denied Keith's application for a certificate of appealability.

In his current § 2241 habeas corpus petition filed in August 2001, Keith seeks to challenge his § 924(c)(1) convictions, claiming that: 1) he was convicted in a court that was without jurisdiction because the indictment was jurisdictionally defective, in that it did not include the essential elements of the "separate, aggravated crime," 18 U.S.C. § 924(c), and he was not afforded the safeguards set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) the sentence for his § 924(c) convictions violated his Fifth and Sixth Amendment rights because the underlying indictment was flawed. The district court dismissed Keith's § 2241 petition as factually and legally baseless.

This court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Keith's petition.

■ Keith is clearly challenging the imposition and not the execution of his sentence, as he is seeking to have his convictions vacated and does not in any respect challenge the manner in which his sentence is being served. Claims that challenge the imposition of a sentence are properly raised in a § 2255 motion to vacate sentence, and not in a § 2241 habeas corpus petition. *Charles,* 180 F.3d at 755–56; *accord Tolliver v. Dobre,* 211 F.3d 876, 877–78 (5th Cir.2000)

■ Still, under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same).

·Keith has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, Keith does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Keith had—and exercised—the opportunity to challenge his conviction and sentence in his

prior § 2255 motion to vacate. In fact, to the extent that Keith relies on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), it is noted that Keith claimed in his prior § 2255 motion that his § 924(c) convictions could not stand under the *Bailey* definition of "use."

Second, it is unclear whether and to what extent Keith can show actual innocence in relation to his claim that challenges the imposition of his sentence. *See Wofford v. Scott*, 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case either because Keith does not rely on any intervening Supreme Court decision for relief. *See id.* To the extent Keith relies on the Supreme Court's decision in *Apprendi* for the proposition that his indictment did not set forth the essential elements of his § 924(c) charges, the Supreme Court has not made its decision in *Apprendi* retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 2482–84, 150 L.Ed.2d 632 (2001); *In re Clemmons*, 259 F.3d 489, 492–93 (6th Cir.2001). Similarly, to the extent Keith contends that his attorney ineffectively represented him in violation of the Supreme Court's decision in *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), *Glover* has not been made retroactively applicable to cases on collateral review. *United States v. Mills*, 2001 WL 936162 (E.D.Ky. Aug.15, 2001).

Third, Keith's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.