Andrew N. GEBREHAWARIAT,
Petitioner–Appellant,

v.

George E. SNYDER, Warden,
Respondent–Appellee.

No. 01–6472.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

## ORDER

Petitioner, Andrew N. Gebrehawariat, a pro se federal prisoner, moves for in forma pauperis status, and for counsel, on appeal from a district court order dismissing his habeas corpus petition. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, petitioner pleaded guilty to violating 21 U.S.C. § 841(a)(1) in violation of 21 U.S.C. § 846. At plea colloquy, petitioner was informed that, under 21 U.S.C. § 841(b)(1)(A), his sentencing range was 10 years to life. Ultimately, petitioner was sentenced to 210 months (17–1/2 years) under 21 U.S.C. § 841(b)(1)(A).

In his § 2241 petition, petitioner claims that his Fifth and Sixth Amendment rights have been violated because (1) his indictment was so insufficient that it could not have conferred jurisdiction upon the sentencing court and (2) his guilty plea was not knowingly, voluntarily, or intelligently made because the indictment was so insufficient that petitioner could not have discerned his maximum and minimum penalties thereunder so as to properly negotiate a plea agreement, and had he properly known those penalties, he would have proceeded to trial. The district court dismissed the § 2241 petition. This timely appeal followed.

Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999), we conclude that the district court properly dismissed petitioner's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Petitioner has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. Petitioner does not cite to an intervening change in the law or

to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. His reliance on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny to collaterally challenge his sentence is misplaced, as *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 493 (6th Cir.2001).

■ Further, petitioner's plea agreement and sentence are valid even though the indictment was not specific. When a defendant pleads guilty to charges in a non-specific indictment after being informed of the maximum sentence he faces for the charged conduct, the indictment's lack of precision will not serve to invalidate the plea. *See United States v. Garcia*, 252 F.3d 838, 842–43 (6th Cir.2001); *see also King v. Dutton*, 17 F.3d 151, 154 (6th Cir.1994) ("[F]or a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed.").

Here, petitioner had notice in conjunction with his plea agreement of the maximum sentence (life) he could face for the charged conduct. Petitioner's 210–month (17½ years) sentence was well beneath that noticed maximum. Thus, petitioner's plea agreement and sentence are valid.

Accordingly, the motion to proceed on appeal in forma pauperis is granted, the motion for counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.