**Robert BRAGGS, Petitioner–Appellant,**

v.

**Edward PEREZ, Warden,
Respondent–Appellee.**

No. 02–6363.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2003.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

### ORDER

Robert Braggs, a pro se federal prisoner, appeals the district court order denying his motion to reopen the judgment that denied his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Braggs's third appeal in this case. In 1992, a jury convicted Braggs of conspiracy to distribute crack cocaine, possession with intent to distribute more than

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

50 grams of crack cocaine, and possession with intent to distribute cocaine. The court sentenced him to 240 months in prison. This court affirmed Braggs's convictions and sentence on direct appeal. *United States v. Braggs*, 23 F.3d 1047 (6th Cir.1994). In 1995, Braggs filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court denied the motion, and this court affirmed the district court's judgment. *Braggs v. United States*, No. 97–3350, 1998 WL 136542 (6th Cir. Mar. 16, 1998) (unpublished). This court has also denied Braggs's motions for an order authorizing a second or successive § 2255 motion in Case Nos. 00–3119 and 01–3729.

Braggs filed his § 2241 petition on March 7, 2001, raising five claims. The district court held that the claims were not properly brought in a § 2241 proceeding and dismissed the action. Braggs thereafter filed a flurry of unsuccessful post-judgment motions. He appealed the denial of his habeas petition and the denial of one of his post-judgment motions. This court consolidated the appeals and affirmed the district court decisions. *Braggs v. Perez*, Nos. 01–5697/6169, 2002 WL 927031, 42 Fed.Appx. 678 (6th Cir. May 7, 2002) (unpublished), *cert. denied*, 537 U.S. 1216, 123 S.Ct. 1316, 154 L.Ed.2d 1068 (2003).

Braggs filed another post-judgment motion on October 3, 2002. Relying on Fed. R.Civ.P. 60(b)(6), he requested that the district court consider two unpublished decisions from this court that he believed buttressed his § 2241 petition. The district court denied the motion and warned Braggs that any future meritless filings could result in sanctions.

On appeal, Braggs argues that the district court abused its discretion in not granting the relief sought pursuant to Rule 60(b).

This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). Rule 60(b)(6) applies only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). A district court's discretion to deny relief under this subsection is particularly broad. *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir.1991).

Upon review, we conclude that the district court did not abuse its discretion when the court denied Braggs's post-judgment motion. Braggs argued that *Keith v. Snyder*, No. 01–6285, 2002 WL 1316398, 41 Fed.Appx. 728 (6th Cir. June 14, 2002) (unpublished), and *Gebrehawariat v. Snyder*, No. 01–6472, 2002 WL 1808451, 43 Fed.Appx. 834 (6th Cir. Aug. 6, 2002) (unpublished), established that a federal prisoner was entitled to relief under § 2241 if he could show extraordinary circumstances which reflect that the prisoner may be actually innocent of his crimes, without showing an intervening change in the law.

Braggs's motion was without merit. First, one panel of this court cannot overrule another panel, absent intervening Supreme Court precedent. *United States v. Riddle*, 249 F.3d 529, 539 (6th Cir.), *cert. denied*, 534 U.S. 930, 122 S.Ct. 292, 151 L.Ed.2d 216 (2001). Unpublished cases are not controlling precedent in any event. *See* 6 Cir. R. 28(g); *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir.2000). Thus, neither case Braggs cited marks a change in this circuit's law.

Second, this court has consistently held that an actual innocence claim is cognizable under § 2241 only if the prisoner can show that an intervening change in the law establishes his actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249

F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 757 (6th Cir.1999). Braggs does not rely on an intervening change in the law, so he has no claim under § 2241.

Braggs's motion did not present an unusual or extreme situation mandating relief, so the district court did not abuse its discretion when the court denied Braggs's Rule 60(b)(6) motion. *See Good,* 149 F.3d at 423; *Olle,* 910 F.2d at 365. Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.