

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Braggs v. Marberry

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Braggs v. Marberry" (2007). *2007 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-341**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2910
_____

ROBERT BRAGGS,
Appellant

v.

H. J. MARBERRY, Warden, FCI McKean
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00274)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
and Certificate of Appealability

August 16, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed:  September 7, 2007)
_____

OPINION
_____

PER CURIAM

　　　Robert Braggs appeals from the District Court's order dismissing the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  We will affirm.

In 1992 Braggs was convicted in the United States District Court for the Southern District of Ohio of various crimes involving the distribution of crack cocaine. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Braggs, 23 F.3d 1047 (6th Cir. 1994). The following year Braggs filed a motion challenging his conviction and sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion and the Court of Appeals affirmed. Braggs v. United States, 1998 WL 136542 (6th Cir. March 16, 1998). After twice unsuccessfully seeking permission from the Sixth Circuit to file a second or successive § 2255 motion, in 2001 Braggs filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. The District Court dismissed the petition and the Court of Appeals affirmed. Braggs v. Perez, 2002 WL 927031 (6th Cir. May 7, 2002). Braggs' subsequent motion pursuant to Fed. R. Civ. P. 60(b) met the same fate. See Braggs v. Perez, 73 Fed. Appx. 147 (6th Cir. 2003).

Undeterred, in 2006 Braggs filed another § 2241 petition, this time in the Western District of Pennsylvania. Once again he challenges his 1992 conviction and sentence, asserting the same Brady and ineffectiveness claims which the Sixth Circuit denied him leave to present via § 2255. In his petition Braggs concedes that his Brady evidence does not meet the Sixth Circuit's definition of "newly discovered evidence" but argues that he may seek relief via § 2241 thanks to the "savings clause" of § 2255. Braggs appears to argue that this definition effectively renders § 2255 "inadequate or ineffective" or, at any rate, that he may resort to § 2241 because he is innocent.

The Magistrate Judge recommended dismissal of the petition for lack of

2

jurisdiction because it amounts to an unauthorized second or successive § 2255 motion. The District Court adopted that recommendation, rejecting Braggs' "savings clause" argument. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's judgment de novo. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). The appellee has moved for summary affirmance.

We agree with the District Court that Braggs' claims fall squarely within § 2255. Thus, Braggs cannot proceed via § 2241 unless the "savings clause" in § 2255 applies to him. As the District Court correctly explained, it does not. Section 2255 is "inadequate or ineffective" only if the petitioner "was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Plainly, this language describes neither of Braggs' claims.[1] As a result, the appeal does not present a substantial question and we grant the appellee's motion for summary affirmance.[2]

---

[1] We note that the Sixth Circuit Court of Appeals reached the same conclusion in affirming the denial of Braggs' 60(b) motion. See Braggs v. Perez, 73 Fed. Appx. 147 (6th Cir. 2003).

[2] Because this appeal is from the dismissal of a § 2241 petition, a certificate of appealability is not required.. See 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C.Cir.1999).