**Leonard Louis CAPALDI,
Petitioner–Appellant,**

v.

**Stephen PONTESSO, Warden,
Respondent–Appellee.**

**No. 97–1062.**

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 1998.

Leonard Louis Capaldi, Milan, MI, for Petitioner–Appellant.

Patricia G. Blake, Office of the U.S. Attorney, Detroit, MI, for Respondent–Appellee.

Before: NELSON, SUHRHEINRICH, and GILMAN, Circuit Judges.

**ORDER**

Leonard Louis Capaldi (Capaldi), who is presently confined at the Federal Correctional Institute in Milan, Michigan, appeals from a district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. §§ 2241 and 2243. The appeal has been referred to a panel of this court pursu-

ant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Capaldi was convicted and sentenced in the United States District Court for the Southern District of Texas on charges of bank fraud and commercial bribery. Capaldi did not set forth the date of his conviction or the length of his sentence. An appeal of his conviction and sentence is apparently pending in the United States Court of Appeals for the Fifth Circuit.

Capaldi filed his § 2241 petition·in the United States District Court for the Eastern District of Michigan (the District Court). In support of that petition, Capaldi alleged the following: (1) the federal government improperly spelled his name in all capital letters in documents relating to his prosecution; (2) he was illegally indicted by a "legislative" grand jury rather than an "Article III" grand jury; (3) the federal government improperly extradited him to the United States from Texas, a foreign state; (4) the federal government did not charge him with committing a crime on federal property or lands; (5) the Federal Bureau of Investigation and the Department of Justice deprived him of due process of law by failing to publish regulations based upon criminal statutes; (6) the federal government subjected him to cruel and unusual punishment because the three branches of government have not adhered to the separation of powers; (7) he did not commit an offense against the United States because the alleged crimes were not committed on federal lands; (8) he was not tried and convicted in a lawful Article III judicial court; and (9) the federal district court lacked jurisdiction under Title 18 to try him for committing a violation of federal criminal law.

The District Court dismissed Capaldi's petition without reaching the merits of the same. The District Court determined that because Capaldi's allegations relate to his conviction and sentence, his appropriate course of action would be to file with the sentencing court an application under 28 U.S.C. § 2255 to vacate his conviction and sentence.· The District Court found that no exceptional circumstances existed to justify Capaldi's failure to avail himself of the remedy provided by § 2255. Accordingly, the district court dismissed Capaldi's § 2241 petition without prejudice to his right to file under § 2255 in the United States District Court for the Southern District of Texas or to amend his direct appeal pending before the United States Court of Appeals for the Fifth Circuit.

In support of the present appeal, Capaldi asserts the same claims as those enumerated above. Moreover, he argues that because relief under § 2255 is constitutionally guaranteed, exceptional circumstances exist.

Upon review, we conclude that the District Court properly dismissed Capaldi's petition. In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991). · On the other hand, § 2255 provides in pertinent part that a federal prisoner may challenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Furthermore, Section 2255 states that:

> [a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255 (West 1994).

In support of his petition, Capaldi asserts that his sentence was imposed in violation of the Constitution and laws of the United States and also asserts that the United States District Court for the Southern District of Texas improperly exercised both per-

sonal and subject-matter jurisdiction with respect to his conviction and sentence. Accordingly, the relief Capaldi seeks is more appropriately requested by way of an application under § 2255 in the district court. Capaldi has failed to demonstrate that he has either applied for or been denied relief by that court. Moreover, this court is not satisfied that the aforesaid remedy is either inadequate or ineffective to test the legality of his detention.

In so ruling, however, we note that Capaldi's direct appeal is apparently pending before the United States Court of Appeals for the Fifth Circuit. For substantially the same reasons expressed by the First Circuit in *United States v. Gordon,* 634 F.2d 638, 638–39 (1st Cir.1980), we now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal. *See United States v. Davis,* 604 F.2d 474, 484 (7th Cir.1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir.1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."); *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Masters v. Eide,* 353 F.2d 517, 518 (8th Cir.1965) ("Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."). An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. *Davis,* 604 F.2d at 484. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary. *Id.* at 484–485.

Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.