**Douglas Rowland STARNES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–5144.

United States Court of Appeals, Sixth Circuit.

July 17, 2001.

Before BATCHELDER and CLAY, Circuit Judges, and POLSTER, District Judge.*

CLAY, Circuit Judge.

This *pro se* federal prisoner appeals from the judgment of the United States District Court for the Western District of Tennessee denying him permission to file a motion to vacate or set aside his sentence

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

pursuant to 28 U.S.C. § 2255. The district court determined that Petitioner exceeded the time limit for petitions under this statute and that the time should not be tolled during the pendency of his motion for a new trial under FED. R. CRIM. P. 33, in which Petitioner alleged, *inter alia,* that the search which produced evidence that led to his conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) violated his Fourth Amendment rights. We now AFFIRM the district court's judgment.

## I.

On November 16, 1992 Petitioner, Douglas R. Starnes, was named in a two-count indictment by a federal grand jury sitting in the Western District of Tennessee. Along with three co-defendants, Petitioner was charged with one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After a two-day jury trial he was convicted on both counts, and on June 30, 1993 he was sentenced to 78 months imprisonment to be followed by three years of supervised release.

Petitioner subsequently took a direct appeal of his conviction. This Court affirmed the district court's judgment and the United States Supreme Court denied a petition for a writ of certiorari. *United States v. Starnes,* No. 93–5931, 1994 WL 233594 (6th Cir. May 26, 1994), *cert. denied, Starnes v. United States* 513 U.S. 965, 115 S.Ct. 428, 130 L.Ed.2d 342 (1994). On March 5, 1996, Petitioner filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, claiming that the search leading to his arrest violated his Fourth Amendment rights. Rule 33 provides:

> On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. If trial was by the court without a jury, the court may—on defendant's motion for new trial—vacate the judgment, take additional testimony, and direct the entry of a new judgment. A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. But if an appeal is pending, the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

FED. R. CRIM. P. 33. The district court denied this motion as "frivolous" and untimely because it was filed nearly three years after the original conviction and the claims did not relate to "newly discovered evidence" as is otherwise required by Rule 33. Petitioner appealed to this Court, which affirmed the district court's decision in an unpublished opinion. *United States v. Starnes,* No. 96–6001, 1998 WL 246376 (6th Cir. May 6, 1998).

On January 13, 1998, while the appeal of the denial of his Rule 33 motion was pending, Petitioner filed a motion for an extension of time to file a motion under 28 U.S.C. § 2255 to vacate or set aside his sentence.[1] On January 20, 1998, the district court denied this motion, "noting that [the] direct appeal of the denial of [Peti-

---

1. That statute provides that a federal prisoner may challenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.

tioner's] untimely new trial motion was pending and that a § 2255 motion to vacate was either already untimely, or if tolled by the appeal of the new trial motion, would be timely." (J.A. at 23.)

Petitioner did not appeal the denial of this motion for extension of time. Rather, on July 15, 1998, he signed the § 2255 motion at issue in the case at bar. This motion was delivered to prison mail personnel on July 16, 1998 and received by the district court on July 17, 1998. The district court denied Petitioner's § 2255 motion as untimely and also denied a certificate of appealability indicating that any appeal would not be taken in good faith. Petitioner filed a timely appeal of that decision, which this Court construed as an application for a certificate of appealability under FED. R. APP. P. 22(B). On August 27, 1999, this Court granted a certificate of appealability, certifying a single issue for appeal: "Whether the statute of limitations contained in § 2255 should be tolled in this case." While this Court normally reviews the district court's legal conclusions in habeas *corpus* actions *de novo* and its factual findings for clear error, *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999), we review a district court's decision with respect to equitable tolling for abuse of discretion. *See United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000); *Helton v. Secretary for the Dep't of Corrections*, 233 F.3d 1322, 1325 (11th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

## II.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA") contains a one-year limitations period for habeas corpus petitions:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the *date on which the judgment of conviction becomes final;*

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

This Court held in that *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir.1998), that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Id.* at 1124; *accord United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970); *Welsh v. United States*, 404 F.2d 333 (5th Cir.1968); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir.1965). Our holding in *Capaldi* was driven by two practical concerns. First we noted that a § 2255 motion should not be considered a substitute for direct appeal. *Capaldi*, 135 F.3d at 1124 (citing *Davis*, 604 F.2d at 484). We also recognized that a decision on direct appeal might render collateral attack by way of a § 2255 application unnecessary. *Capaldi*, 135 F.3d at 1124 (citing *Davis*, 604 F.3d at 484–485). The latter of these concerns is not manifest, however, when a defendant's conviction has become final. Thus, we must

determine when Petitioner's conviction became final for purposes of § 2255.

■ We agree with the district court's determination that extension of the *Capaldi* decision to preclude consideration of § 2255 motions petitions until after the appeal of Rule 33 new trial motions would be improper. Instead, courts have looked to other benchmarks to ensure finality in the criminal process. The Fourth and Seventh Circuits have held that a conviction becomes final for purposes of § 2255 and the one-year limitations period begins on the date on which the court of appeals issues its mandate. *See Gendron v. United States*, 154 F.3d 672 (7th Cir.1998); *United States v. Torres*, 211 F.3d 836, 839 (4th Cir.2000) (both cases in which a federal defendant declined to file a petition for writ of certiorari). Conversely, the Third, Ninth, and Tenth Circuits have held that the conviction becomes final and the one-year limitations period begins when the time for filing a petition for writ of certiorari expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir.2000); *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir.2000) ("It would make no sense and would not further judicial efficiency or economy to encourage a collateral attack on a judgment of conviction that was subject to the possibility of direct certiorari review."); *Kapral v. United States*, 166 F.3d 565 (3d Cir.1999). Upon recent consideration of this issue, a district court within this Circuit determined that "the better view of 'finality' under § 2255 is that announced by the Third and Ninth Circuits. It simply would not make sense to require a prisoner to begin thinking about filing a § 2255 motion when he still has the opportunity to seek direct review from the Supreme Court." *Kamen v. United States*, 124 F.Supp.2d 603, 606 (M.D.Tenn.2000). Thus, even under the most inclusive view of finality, Petitioner's conviction became final on October 31, 1994—the day the Supreme Court denied a petition for writ of certiorari in Petitioner's direct appeal of his conviction and sentence. *See Starnes v. United States*, 513 U.S. 965, 115 S.Ct. 428, 130 L.Ed.2d 342 (1994).

This Court has previously held that petitioners whose convictions were final prior to April 24, 1996, the effective date of the AEDPA, have one year from that date to file their post-conviction actions. *See Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir.1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). In the case at bar, Petitioner's direct appeal of his conviction and sentence ended before the AEDPA was enacted. Thus, the limitations period on his § 2255 action began on April 24, 1996 and ended one year later on April 24, 1997. Petitioner did not sign his § 2255 petition until August 15, 1998, which was well beyond the one-year limitations period. Thus, the district court's dismissal of Petitioner's § 2255 petition was proper unless the doctrine of equitable tolling may be applied to this case.

### B.

Whether equitable tolling applies to the one-year limitations period of § 2255 petitions is a question of first impression in this Circuit. Moreover, we have not announced a standard to govern application of the doctrine if it is indeed available. But we decline to directly address either of these issues directly because we do not believe that Petitioner has made a persuasive case for equitable tolling under any recognized standard.

■ The government contends that equitable tolling is not available in § 2255 cases because it would be inconsistent with the text of the underlying statute. But the majority of courts that have addressed issue have held that the one-year limitations period added to § 2255 by the AEDPA is a statute of limitations and not a jurisdictional bar; thus, the limitations pe-

riod has been considered subject to equitable tolling. *See, e.g., Kapral v. United States,* 166 F.3d 565, 567 (3d Cir.1999); *Sandvik v. United States,* 177 F.3d 1269, 1271–72 (11th Cir.1999); *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir.1999); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 619 n. 1 (3d Cir. 1998); *see also Sluder v. United States,* No. 98–5158, 1998 WL 940246, at *1 (6th Cir. Dec.23, 1998).[2] *But see Giles v. United States,* 6 F.Supp.2d 648, 649–50 (E.D.Mich.1998) (holding that equitable tolling runs contrary to the purpose of the statute).

The government further argues that even if the one-year limitations period may be subject to equitable tolling, it should not be applied in the instant case inasmuch as Petitioner has failed to show exceptional circumstances beyond his control that would warrant application of the doctrine. This Court has not announced a standard for determining when equitable tolling should apply to habeas petitions. In the unpublished opinion in *Doran v. Birkett,* No. 99–1639, 2000 WL 282882, at *2 (6th Cir. Mar.13, 2000), our most recent consideration of the proper equitable tolling standard in the habeas context, a panel of this Court assumed that if equitable tolling is available in habeas cases it would only apply in "rare and exceptional circumstances." *Id.* (considering whether equitable tolling applies to the one year limitations on habeas petitions under 28 U.S.C. § 2244(d)(1)) (citing *Davis v. Johnson,* 158 F.3d at 810). Other circuits have similarly restricted the discretion of district courts to apply equitable tolling to habeas petitions. *See, e.g., Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (5th Cir.2000); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d at 618; *Calderon,* 128 F.3d at 1288 (holding that equitable tolling " will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond [a prisoner's] control make it impossible to file a petition on time.") (quoting *Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996)).

---

**2.** In addition, many courts have held that the limitations period of § 2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. *See Harris v. Hutchinson,* 209 F.3d 325, 328–30 (4th Cir.2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999); *Davis v. Johnson,* 158 F.3d 806, 810–811 (5th Cir.1998); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 617–18 (3d Cir.1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal.,* 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other grounds by* 163 F.3d 530 (9th Cir.1998) (*en banc* ), *cert. denied,* 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). We have also held in unpublished opinions that the limitations period of § 2244(d)(1) is subject to equitable tolling. *See Fields v. Jackson,* No. 99–1052, 2000 WL 191531, at *3 (6th Cir. Feb.9, 2000); *Morgan v. Money,* No. 99–3251, 2000 WL 178421 (6th Cir. Feb.8, 2000); *Doran v. Birkett,* No. 99–1639, 2000 WL 282882, at *2 (6th Cir. Mar.13, 2000).

Although these cases consider equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and not § 2255, courts have recognized that if equitable tolling applies to § 2241, which already has a statutory tolling provision, then it should also apply in theory to the parallel provision, § 2255, inasmuch as both AEDPA provisions provide for the same one-year limitations period. *See Miller v. New Jersey State Dep't of Corrections,* 145 F.3d at 619 n. 1; *Kapral,* 166 F.3d at 567 (authoritatively extending the holding in *Miller* to conclude that the one-year time limit in § 2255 is likewise not jurisdictional). *Compare Burns v. Morton,* 134 F.3d 109, 112 (3d Cir.1998) (holding that resolution of issue arising under § 2254 also applies to § 2255 cases) and *Santana v. United States,* 98 F.3d 752, 756 (3d Cir.1998) (holding that resolution of issue arising under § 2255 also applies to § 2254 cases).

But we have not exclusively used the rare and exceptional circumstances test in the habeas context. In considering whether equitable tolling applied in a § 2255 case in *Sluder*, 1998 WL 940246, at *1, we cited the five-factor test for application of equitable tolling in the Title VII context set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v. State of Tennessee*, 628 F.2d 949, 953 (6th Cir.1980)).

Given these conflicting holdings we have little guidance in determining which standard to apply. At some point we must determine which standard is applicable to the one-year limitations period on habeas actions. But we decline to do so here inasmuch as Petitioner has failed to persuade us that equitable tolling would be proper under either standard.

Petitioner contends that the pendency of his Rule 33 motion for a new trial and the subsequent appeal of the district court's denial of that motion should have tolled the one-year limitations period for actions under § 2255. In support of this claim, Petitioner notes only that his Rule 33 motion was filed prior to the effective date of the AEDPA (April 24, 1996) and that no case law in this circuit applicable to his case existed prior to December 31, 1998, the date the district court dismissed his § 2255 motion. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher*, 174 F.3d at 713; *accord Harris v. Hutchinson*, 209 F.3d at 330. But we do not believe that Petitioner is entitled to relief based upon these facts.

First of all, Petitioner's conviction was already final before he filed his untimely Rule 33 motion for a new trial. Therefore, the filing of that motion and the subsequent appeal of its denial could not have tolled the statute of limitations. Furthermore, it is not clear, and Petitioner does not argue, that the pendency of his appeal of the denial of his Rule 33 new trial motion from July 5, 1996 to May 6, 1998 prevented him from filing a § 2255 motion. Thus, while Petitioner did seek a new trial pursuant to Rule 33, he did not diligently pursue his right to habeas relief.

We note that Petitioner cannot successfully argue that he did not know about the one-year limitations period. Prior to expiration of the one-year limitations period, Petitioner filed a motion for extension of time in which to file his habeas petition. He was therefore fully aware of the time constraints imposed by the AEDPA. Moreover, courts have held that a lack of actual notice of the AEDPA or ignorance of the law in general does not excuse prompt filing. *See, e.g., Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.") (citations omitted); *Washington v. Elo*, No. Civ. A. 99–CV–71187–DT, 2000 WL 356353, at *5 (E.D.Mich. Feb.29, 2000); *Warren v. United States*, 71 F.Supp.2d 820, 822 (S.D.Ohio 1999).[3]

---

**3.** Petitioner does not argue that his request for an extension of time to file a § 2255 motion during the pendency of the Rule 33 motion may toll his § 2255 clock. In any event, we note that the fact that the statute of limitations may be waived does not mean that the courts have the power to extend the period upon motion of a defendant. The courts that have addressed this issue have uniformly held that the courts lack jurisdiction over motions to extend the time in which to bring

Finally, we note that the application of equitable tolling in the instant case would significantly prejudice the government, which has an interest in bringing finality to the criminal appeals process. In the instant case, Petitioner's untimely Rule 33 motion and the related appeal have already dragged this litigation on for some years. Despite having knowledge of the filing requirement, Petitioner unnecessarily extended this litigation by waiting to file a habeas petition. Principles of equity do not mandate that we allow frivolous and untimely motions such as the one in the case at bar to impair that finality.

### III.

In short, assuming arguendo that equitable tolling is available, Petitioner has not persuaded this Court that the district court abused its discretion by declining to apply the doctrine in this case. Petitioner's legal arguments are unpersuasive and the facts supporting his contentions are insubstantial. We therefore AFFIRM the district court's denial of his § 2255 motion as untimely.

---

§ 2255 motions. Rather, the court may not consider the timeliness of a § 2255 motion until the petition is actually filed. *See United States v. Leon,* 203 F.3d 162, 164 (2d Cir. 2000); *In re Application of Wattanasiri,* 982 F.Supp. 955, 957–58 (S.D.N.Y.1997). Moreover, by the time Petitioner sought an exten-

sion of time on January 13, 1998, the one-year limitations period had already expired on April 24, 1997.

