**Harold ROBERTS, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

**No. 01–3015.**

United States Court of Appeals, Sixth Circuit.

Nov. 7, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

Harold Dean Roberts appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Roberts was convicted of bank fraud and possessing counterfeit checks, and he is now serving a sentence of eighty-four months of imprisonment. *See* 18 U.S.C. §§ 513 *and* 1344.

In his § 2241 petition, Roberts primarily alleged: 1) that he was improperly placed in segregation and denied good-time credit after an altercation with another inmate; 2) that he was entitled to additional jail credit and that his federal sentence should have been concurrent to his state sentence; and 3) that he was denied access to his legal materials while in segregation.

The district court adopted a magistrate judge's recommendation and dismissed the case on December 19, 2000. The court found that Roberts had not exhausted the administrative remedies that were available to him regarding any of his claims and that his third claim was moot because he had filed a separate civil rights complaint. Roberts's motion for reconsideration was denied and he now appeals, moving for injunctive relief and for the enforcement of an order directing the respondent to process his administrative requests.

We review the dismissal of Roberts's § 2241 petition *de novo*. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Dismissal was appropriate because Roberts did not show that he had exhausted all of his administrative remedies before requesting habeas corpus relief in the district court. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir.1981).

Roberts argues that he has exhausted his administrative remedies because the Regional Director of the Bureau of Prisons has now responded to his administrative appeal. This argument is refuted by the plain language of the Director's response, as it indicates that administrative proceedings are still ongoing. Roberts also argues that pursuing his administrative remedies would be futile because prison officials will not process his grievances, but this argument is likewise belied by the Director's response.

Roberts argues that exhaustion is not required regarding his claim that the federal court erred by imposing a consecutive sentence. This claim involves the validity of Roberts's sentence, rather than its execution. Thus, it would properly be the subject of a motion to vacate his sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir.1998). Consequently, dismissal was appropriate because the claim was not filed in the district court where Roberts was sentenced. *See id.* at 1123.

The district court also properly dismissed Roberts's claims regarding the alleged confiscation of his legal materials for lack of exhaustion. *See Lavista v. Beeler*, 195 F.3d 254, 256–57 (6th Cir.1999). Roberts has not submitted any convincing evidence that the administrative exhaustion of these claims would be futile. Moreover, there are no equitable reasons for granting his request for a remand, as the district court dismissed the underlying action without prejudice.

We need not reach Roberts's remaining arguments because they involve the substantive merits of his claims and dismissal was appropriate on procedural and jurisdictional grounds.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.