**William B. PROWELL, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

No. 01–1478.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

William Prowell appeals from a district court order dismissing his petition for a

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

nois, sitting by designation.

writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, Prowell pleaded guilty to two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a), and the district court sentenced Prowell to 12 years of imprisonment. Prowell was released on parole in September 1994. However, Prowell's parole was revoked in May 1996. Prowell was re-paroled in December 1996, but was arrested in April 1997, and his parole was again revoked in December 1997. Prowell was released on parole for a third time in June 1998. Despite repeated reprimands during this parole period, Prowell continued to violate the conditions of his parole and his parole was revoked for the third time in October 1999. That same month, Prowell filed a § 2241 petition, arguing that his second parole revocation was improper and that he received ineffective assistance of counsel during that parole revocation hearing. The district court dismissed the petition as moot, and this court affirmed the district court's judgment. *Prowell v. Hemingway*, No. 00–1197, 2000 WL 1679451 (6th Cir. Nov.1, 2000).

In July 2000, Prowell filed a second § 2241 petition claiming that: 1) his arrest and parole revocation were based on a void warrant charging him with bank robbery, rather than parole violations; 2) his arrest for bank robbery was without probable cause, exigent circumstances, and arrest warrant, or a search warrant; 3) he received ineffective assistance of counsel at his parole revocation hearing; 4) the Parole Commission altered a cassette tape recording of the revocation hearing; 5) prison officials failed to perform their duty, contributing to his alleged false imprisonment; and 6) his rights under the Fourth and Eighth Amendments were violated by his incarceration. Prowell was discharged from confinement on August 10, 2000, via mandatory release, and he fully served his sentence on November 10, 2000, and was discharged from supervision by the United States Parole Commission on that date. In light of Prowell's discharge from supervision, the district court concluded that Prowell's claims were rendered moot by completion of the imprisonment term and dismissed the petition. Prowell appeals that judgment.

On appeal, Prowell essentially reasserts the claims set forth in the district court. However, in an effort to avoid mootness, Prowell argues that his petition constitutes a challenge to the legality of his 1988 bank robbery convictions, and that the district court's decision was based on the mistaken belief that his petition constituted a challenge to the 1999 parole revocation proceedings.

This court renders de novo review of a district court judgment dismissing a § 2241 petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). A § 2241 petition generally is reserved for a defendant to challenge the manner in which his sentence is executed, rather than the validity of the sentence itself. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

To the extent that Prowell claims to attack his 1988 bank robbery convictions, his claim is disingenuous. All of the issues raised in the district court relate to the circumstances of Prowell's 1999 arrest on the parole violator warrant, his imprisonment following that arrest, and the parole revocation proceedings. Thus, Prowell cannot avoid mootness by now claiming to

challenge the 1988 bank robbery convictions.

Prowell's § 2241 petition is moot because Prowell is no longer incarcerated. It is undisputed that Prowell completed service of his 1988 sentence on November 10, 2000, and that he is no longer subject to the supervision of the United States Parole Commission. When a defendant challenges a parole revocation but has completed the sentence imposed upon that revocation, his challenge to this revocation is moot unless he can demonstrate the existence of actual collateral consequences resulting from the revocation. *Spencer v. Kemna,* 523 U.S. 1, 7–14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Prowell cannot demonstrate the existence of actual collateral consequences. Prowell contends that he suffers from physical injuries, psychological effects, and financial losses, attributable to his illegal arrest and confinement after his 1999 paroled revocation. Such injuries or losses cannot be redressed by a favorable judicial decision in the instant habeas corpus action.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.