**Harold Dean ROBERTS, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 02–3386.

United States Court of Appeals, Sixth Circuit.

Sept. 12, 2002.

Before BOGGS and COLE, Circuit

Ohio, sitting by designation.

Judges; BATTANI, District Judge.*

Harold Dean Roberts appeals from a district court order denying his motion for relief from judgment filed under Fed. R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Roberts filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that: 1) he was improperly placed in segregation and denied good-time credit after an altercation with another inmate; 2) he was entitled to additional jail credit and his federal sentence should have been concurrent to his state sentence; and 3) he was denied access to his legal materials while in segregation. The district court concluded that Roberts had not exhausted his available administrative remedies for any of his claims and that his third claim was moot because he had filed a separate civil rights complaint; therefore, the court dismissed the habeas petition. On appeal, this court affirmed the district court's decision. *Roberts v. Lamanna*, 22 Fed. Appx. 534 (6th Cir.2001) (unpublished order).

In March 2002, Roberts filed his Rule 60(b) motion in the district court, asserting that he had exhausted his administrative remedies. The district court denied Roberts's motion. Roberts has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Roberts's Rule 60(b) motion. This court reviews the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993).

The district court did not abuse its discretion in denying Roberts's Rule 60(b) motion. While Roberts asserts that he has now exhausted all of his administrative remedies, a prisoner must exhaust all available administrative remedies before filing his action, *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999); therefore, he cannot exhaust these remedies during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Since Roberts did not accomplish this exhaustion of remedies prior to filing suit, his Rule 60(b) motion is meritless.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.