**Vernon MULLINS, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee.**

No. 02–6454.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before: MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District

Judge.*

## ORDER

Vernon Mullins, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Mullins was released from confinement by the Federal Bureau of Prisons. Mullins indicates that his conviction for which he was released on parole was for a violation of 18 U.S.C. § 2313. Apparently, Mullins ran a "chop shop" for stolen trucks.

While on parole, Mullins was again indicted for a violation of 18 U.S.C. § 2313 involving receiving, possessing, and storing a stolen motor vehicle (a Freightliner truck) which had crossed a state boundary. Mullins pleaded guilty to this charge on August 13, 2001, and was sentenced to one year of probation.

On September 25, 2001, the United States Parole Commission issued a parole violator warrant for Mullins. Because Mullins was convicted of a new offense, the Parole Commission had no obligation to conduct a preliminary hearing to determine whether there was probable cause that Mullins had violated the conditions of his release. Mullins was returned to federal custody during October 2001.

The Parole Commission held a parole revocation hearing on March 5, 2002, and entered an order revoking Mullins's parole on March 28, 2002. On appeal, the National Appeals Board affirmed the Parole Commission's decision. Mullins has therefore exhausted his administrative remedies.

On July 15, 2002, Mullins filed a petition for a writ of habeas corpus pursuant to § 2241. Mullins argues that his due process rights were violated because he was not permitted to present, and the Parole Commission did not consider, mitigation evidence during his final parole revocation hearing.

The district court construed Mullins's petition to allege that his "procedural due process rights have been violated because he has not yet been afforded a final parole revocation hearing, and all of the attenuate due process protections afforded therein, regarding the apparent revocation of his prior release on parole." Reasoning that Mullins had not pleaded sufficient facts to establish his entitlement to a final parole revocation hearing at that time or to demonstrate that he had been prejudiced by inappropriate delay in receiving a final parole revocation hearing, the district court concluded that there was no basis upon which to grant a writ of habeas corpus and dismissed the action. See 28 U.S.C. § 2243. This timely appeal followed.

This court reviews de novo a district court order dismissing a 28 U.S.C. § 2241 petition. See Charles v. Chandler, 180 F.3d 753, 755 (6th Cir.1999). A § 2241 petition generally is reserved for a defendant to challenge the manner in which his sentence is executed, rather than the validity of the sentence itself. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998).

Upon review, we conclude that the district court misconstrued Mullins's claim. Mullins's petition for habeas corpus review

---

* The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

argues that his final parole revocation hearing was procedurally inadequate, not that he failed to receive a timely parole revocation hearing. Therefore, the district court's analysis of Mullins's entitlement to a final parole revocation hearing is inapposite to a determination of whether Mullins's habeas petition should be dismissed for lack of merit. 28 U.S.C. § 2243.

We note that the district court apparently was not able to consider either the parole violator warrant application for Mullins or the Parole Commission's order revoking Mullins's parole because these documents appear to have been submitted to the district court only after Mullins filed a notice of appeal from the dismissal of his petition. Both documents are relevant to the analysis of Mullins's petition for a writ of habeas corpus and may support the conclusion that Mullins's petition alleges that his due process rights were violated by procedural inadequacies at his parole revocation hearing.

Accordingly, the district court's order is reversed and the case is remanded so that the district court may have an opportunity to review the warrant application and the order revoking Mullins's parole. On remand the district court may either re-screen the petition, properly construing it, or issue an order directing the respondent to show cause why the writ should not be granted. *See* 28 U.S.C. § 2243.