**Ira BARCLAY, Petitioner–Appellant,**

v.

**Bernie ELLIS, Warden, Respondent–Appellee.**

No. 02–2365.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2003.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

## ORDER

Ira Barclay, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, a jury convicted Barclay of one count of conspiring to distribute heroin

and cocaine in violation of 21 U.S.C. § 846 and two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Barclay to 360 months of imprisonment. On appeal, this court affirmed his convictions. *United States v. Barclay,* No. 90–1249, 1990 WL 156099 (6th Cir. Oct.18, 1990) (unpublished). In 1998, Barclay filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court denied the motion as untimely, and this court declined to issue a certificate of appealability in Case No. 99–1706.

In his § 2241 petition, Barclay asserted that: 1) his sentence should be vacated in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) 21 U.S.C. § 841 is unconstitutional. He contended that the remedy provided under § 2255 was inadequate because the limitations period had expired and the Supreme Court had not held that *Apprendi* may be applied retroactively. The district court rejected Barclay's arguments and dismissed the action as inappropriately brought under § 2241.

Barclay has brought a timely appeal, essentially arguing that he should be permitted to proceed under § 2241 because his untimely § 2255 motion was due to ineffective assistance of counsel.

Upon de novo review, we conclude that the district court properly dismissed Barclay's § 2241 petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles,* 180 F.3d at 755–56; *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi,* 135 F.3d at 1123.

Barclay has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles,* 180 F.3d at 757. Barclay has failed to do so.

Furthermore, Barclay's *Apprendi* claims do not entitle him to relief under § 2241. *See Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir.2003); *Faircloth v. Perez,* 27 Fed.Appx 334 (6th Cir.2001) (unpublished).

First, should *Apprendi* be made retroactively available, Barclay will be able to raise his claim in a § 2255 proceeding. *See Faircloth*, at 335. Second, *Apprendi* does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it. *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.), *cert. denied*, 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Finally, 21 U.S.C. § 841 is not unconstitutional in light of *Apprendi*. *United States v. Stines*, 313 F.3d 912, 919 (6th Cir.2002).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.