**Walter REEVES, Petitioner–Appellant,**

v.

**Randy J. DAVIS, Respondent–Appellee.**

No. 03–5500.

United States Court of Appeals, Sixth Circuit.

Nov. 25, 2003.

Walter Reeves, pro se, Memphis, TN, for Petitioner–Appellant.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

*ORDER*

Walter Reeves, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Reeves pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C.

§ 846. On April 26, 1999, he was sentenced to 180 months in prison. Reeves did not timely perfect a direct appeal. In 2001 and 2002, Reeves filed unsuccessful motions to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

On February 5, 2003, Reeves filed his § 2241 petition, asserting that: 1) the trial court lacked jurisdiction to impose the conviction and sentence because the search warrant was based on a defective affidavit; and 2) the government and defense counsel conspired to cover up the defective indictment and were aware that the confidential informant had planted the drugs. Reeves further alleged that he was actually innocent of the offense and that the informant had visited him in prison in 1999 or 2000 and had admitted to planting the drugs. The district court sua sponte dismissed the petition. Reeves now appeals.

Upon de novo review, we conclude that the district court properly dismissed Reeves's § 2241 petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). But a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998).

Reeves has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles,* 180 F.3d at 757.

The savings clause does not apply to the instant case. Reeves cannot show an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent. Unlike other prisoners who have obtained review of their viable innocence claims because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport,* 147 F.3d 605, 609 & 611 (7th Cir.1998) (*Bailey* claim), Reeves had the opportunity to raise his claims in his prior § 2255 motions to vacate, which were filed *after* the informant allegedly confessed to Reeves.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.