**Edward Terrell LOTT, Petitioner–Appellant,**

v.

**Randy J. DAVIS, Warden, Respondent–Appellee.**

No. 03–6172.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

Rehearing Denied Sept. 17, 2004.

14

---

Edward Terrell Lott, Memphis, TN, pro se.

Before: DAUGHTREY and SUTTON, Circuit Judges; and COOK, District Judge.*

### ORDER

Edward Terrell Lott, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Lott was convicted by a jury of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and was sentenced to 235 months imprisonment to be followed by a five-year period of supervised release. His conviction and sentence were affirmed on direct appeal, *United States v. Lott*, No. 96–6700, 1998 WL 384611 (6th Cir. June 19, 1998) (unpublished), and he has unsuccessfully pursued post-conviction relief pursuant to 28 U.S.C. § 2255.

In his § 2241 petition, Lott raises several interrelated issues, to wit:

1. He was not competent to go to trial because his head injury rendered him incapable of understanding the connection between the 1993 incident that formed the basis for his prosecution and the 1996 federal criminal prosecution. Lott contends his impaired capacity is demonstrated by the fact that he entered a not guilty plea and proceeded to trial despite giving an admission to arresting officers at the time of the incident;

2. The court-ordered psychological evaluation erroneously concluded that Lott was competent to stand trial, without considering the totality of his situation, and his due process rights were violated when the trial court failed to appoint an independent psychiatrist to conduct an independent evaluation;

3. He should have been given a two-level reduction in his total offense level, under the sentencing guidelines, because his admission to the arresting officer constituted an acceptance of responsibility; and

4. His due process rights were violated when the trial court suppressed the results of his psychological evalua-

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

tion, and he received ineffective assistance of counsel, in violation of the Sixth Amendment, when his trial counsel failed to object.

The district court sua sponte dismissed the petition.

Lott has filed a timely appeal, essentially reasserting his claims. He has also moved for pauper status.

We review de novo a district court judgment dismissing a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Lott's § 2241 petition. If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001). But where a federal prisoner seeks to challenge the imposition of his sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside, or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles*, 180 F.3d at 755–56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles*,

180 F.3d at 755–56; *Capaldi*, 135 F.3d at 1123.

Lott has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause. *See id.; Charles*, 180 F.3d at 757.

Most "actual innocence" cases which have qualified under the savings clause have concerned challenges to 18 U.S.C. § 924(c) convictions for "using" a firearm during a drug crime or violent crime. *Peterman*, 249 F.3d at 462. After the Supreme Court narrowed the definition of "use" in § 924(c), *see Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), many prisoners found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *Peterman*, 249 F.3d at 462. Thus, *Bailey* claims were permitted to be brought under § 2241.

The savings clause does not apply to the instant case. Lott has not shown an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent. Although Lott states, without elaboration, that he is actually innocent, that assertion

is contradicted by his admission to the arresting officer, for which Lott seeks credit for acceptance of responsibility. Lott argues only that his subsequent gunshot injury left him with a mental impairment that should, at a minimum, entitle him to a reduced sentence. That is not a claim of actual innocence and, for that reason alone, Lott's motion was properly denied in its entirety.

Accordingly, the district court's judgment is affirmed, and the motion for pauper status is granted. Rule 34(j)(2)(C), Rules of the Sixth Circuit.