**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0627n.06
Filed: July 27, 2005

**No. 04-1345**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JASON JAGODKA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BLAINE LAFLER, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SILER and DAUGHTREY, Circuit Judges; and MARBLEY, District Judge.[*]

**PER CURIAM**. Petitioner Jason Jagodka appeals the district court's denial of his petition for a writ of habeas corpus. The issue certified for appeal by the district court is whether Jagodka's petition was timely in light of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). We affirm.

**BACKGROUND**

Jagodka is a Michigan prisoner serving sentences of 25 to 50 years for second degree murder, and two years for possession of a firearm while in the commission of a felony. He pleaded no contest to the charges in 1996 and, although he was 16, was sentenced as an adult. The convictions were finalized on November 14, 1997, one year after sentencing, when the time limit

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

for filing a direct appeal in state court expired. *See* 28 U.S.C. § 2244(d)(1)(A); M.C.R. 7.205(F)(3).

Jagodka did not seek either direct review of his conviction or collateral attack at the state level

before his conviction was finalized.

In 2001, Jagodka filed a motion for relief from judgment in Monroe County Circuit Court.

In denying this motion, the court found that Jagodka had not met his burden of establishing

entitlement to the relief requested, as set forth in M.C.R 6.508(D)(3), which precludes the court from

granting relief to the defendant if "the motion . . . alleges grounds for relief . . . which could have

been raised on appeal from the conviction and sentence." *Id*. An exception exists if the defendant

can demonstrate "good cause for failure to raise such grounds on appeal," but the court concluded

that Jagodka had not met this burden. Jagodka then filed a motion for leave to appeal in the

Michigan Court of Appeals, which was denied in 2002. Similarly, the Michigan Supreme Court

denied Jagodka's delayed application for leave to appeal in February 2003, stating only that he had

"failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." His motion

for reconsideration was denied in May 2003.

Jagodka filed this petition for a writ of habeas corpus on June 12, 2003, alleging that he was

denied effective assistance of counsel at trial and that his sentence was disproportionately harsh.

He concedes that his petition was untimely; however, he maintains that he did not file the necessary

state appeals because he lacked appellate counsel until 2001, when his grandparents obtained legal

representation for him. The district court granted the respondent Lafler's motion for summary

judgment, dismissing the petition with prejudice as untimely. The district court then granted

Jagodka a Certificate of Appealability only on the issue of whether his habeas petition was timely filed.

## DISCUSSION

Federal courts grant equitable tolling sparingly, and the burden is on the petitioner to show that it is warranted. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2002) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). We review a district court's decision to refuse equitable tolling *de novo*. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001).

The one-year limitation period prescribed by AEDPA for habeas actions is a statute of limitation, not a jurisdictional limitation, and therefore is subject to equitable tolling. *Id.* at 1007. To decide whether equitable tolling applies, this court weighs the following five factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)). These factors are not necessarily comprehensive and are not relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

For brevity, the *Andrews* factors are combined for analysis. Merging the first, second and fifth factors, Jagodka argues that he lacked actual and constructive knowledge of the § 2244(d) filing requirement because he was only 16 years old at the time he pleaded no contest, a probation officer found him to be relatively immature for his age, and he was sentenced only six months after AEDPA

became effective. However, Jagodka failed to allege any material impediment to his filing a timely application.

Jagodka argues that he was too young and immature to understand his rights, disregarding the findings of fact made at sentencing regarding his maturity and age. We have, in an unpublished opinion, implicitly rejected this argument. *See Starnes v. United States*, No. 99-5144, 18 Fed. Appx. 288, 293 (6th Cir. Aug. 22, 2001) (noting that "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."). Additionally, although Jagodka asserts that his untimeliness should be excused because only six months passed between his sentencing and AEDPA's effective date, this argument is misleading. He had *two years* from his sentencing–not six months–to file a timely habeas petition. He was sentenced on November 14, 1996, and the habeas statute of limitations expired on November 14, 1998. AEDPA had long been in effect by the time his habeas petition was due.

The third factor to consider is the degree of diligence exhibited by the petitioner in pursuing his rights. Jagodka delayed from 1996 until 2001 to begin the necessary state appeals. He attempts to excuse this inactivity by arguing that his grandparents could not afford legal counsel for him during that time. However unfortunate, this is no excuse, as no constitutional right to an attorney in state post-conviction proceedings exists. *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). Additionally, Jagodka has offered no evidence that he pursued his rights *in any way* between sentencing and the filing of this petition – even using appellate counsel the state court offered to appoint for the purposes of direct review. Because Jagodka was not wrongfully deprived of appellate counsel, no adequate justification exists for his delay.

The fourth and final prong, prejudice to respondent, need not be reached "unless the other factors of the test are met." *See Dunlap*, 250 F.3d at 1009. In light of the *Andrews* factors, Jagodka has not met his burden to demonstrate entitlement to equitable tolling of the statute of limitations.

**AFFIRMED.**